UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEROY ALFONSO BRYAN,

        Petitioner,

  v.

ICE FIELD OFFICE DIRECTOR, et al.,

        Respondents.

CASE NO. C21-154 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 13, Petitioner Leroy Bryan's Objections to the R&R, Dkt. 14, and Respondent the Government's Status Report, Dkt. 16.

At the time of filing, Bryan was detained by the United States Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington. Bryan has brought a habeas petition pursuant to 28 U.S.C. § 2241 and seeks to obtain release from detention or a bond hearing. Dkt. 5. He also challenges the merits of his immigration matter and conditions of confinement in light of the COVID-19 pandemic, seeking a preliminary injunction ordering his release and staying his removal.

ORDER - 1

*Id.* ICE moved to dismiss Bryan's petition, Dkt. 8, and Judge Fricke issued the instant R&R recommending that the Court grant the motion to dismiss, deny Bryan's habeas petition and motion for preliminary injunction, and dismiss the action with prejudice, Dkt. 13. Bryan objects to the R&R, arguing that he is entitled to a bond hearing or immediate release. Dkt. 14.

Upon review of Bryan's objections, the Court requested a status report from the Government as to whether Bryan remained in ICE custody or whether he has been removed. Dkt. 15. The Government submitted a status report, asserting that Bryan has failed to comply with its efforts of removal including cooperation in telephonic interview with the Jamaican Embassy on two occasions. Dkt. 16; *see also* Dkt. 17, ¶¶ 4–5, 10–11.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

It is presumptively reasonable for the Department of Homeland Security to detain a noncitizen for six months following the entry of a final removal order. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After the six months, if the noncitizen provides good reason to support an assessment that there is "no significant likelihood of removal in the reasonably foreseeable future," the respondent is required to come forth with evidence sufficient to rebut the noncitizen's showing. *Id.* If the respondent fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id.* Bryan has been detained for more than six months. But because he is responsible for his continued

detention beyond the six-month presumptively reasonable period, Bryan cannot assert a viable constitutional claim. *See Pelich v. I.N.S.*, 329 F.3d 1057, 1061 (holding that a non-citizen "cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with the [Government's] efforts to remove him"). As such, the Court agrees with the ultimate outcome of the R&R—that Bryan's detention is statutorily authorized, and he is not entitled to a bond hearing at this time.

The Court having considered the R&R, Petitioner's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Respondents' motion to dismiss, Dkt. 8, is **GRANTED**;

(3) Petitioner's federal habeas corpus petition is **DISMISSED with prejudice**;

(4) Petitioner's motion for preliminary injunction is **DENIED as moot**; and

(5) The Clerk shall enter a JUDGMENT and close the case.

Dated this 5th day of October, 2021.

BENJAMIN H. SETTLE
United States District Judge